UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| MICHAEL RAMSEY, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:21-CV-410-TRM-JEM |
| BOILERMAKER-BLACKSMITH NATIONAL TRUST PENSION, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Amend [Doc. 49]. Defendant filed a response in opposition [Doc. 51]. Plaintiff did not file a reply. The motion is therefore ripe for adjudication. For the reasons explained below, the Court **DENIES** Plaintiff's motion [**Doc. 49**].

**I.     BACKGROUND**

This action is a dispute over benefits governed by the Employee Retirement Income Security Act ("ERISA"). Plaintiff was a participant in Defendant's plan, and due to certain medical conditions, he became disabled and has been unable to work since approximately May 17, 2016 [Doc. 1 p. 1]. The Social Security Administration ("SSA") awarded Plaintiff benefits on November 16, 2018, and determined that Plaintiff's date of disability was May 17, 2016 [*Id*. at 3]. On December 17, 2018, Plaintiff submitted his application for disability retirement benefits to Defendant [*Id*.]. Defendant determined that Plaintiff was entitled to disability retirement benefits beginning January 1, 2019, rather than May 17, 2016 [*Id*.]. Plaintiff requested that his disability retirement date be changed to May 17, 2016, but Defendant denied

Plaintiff's request [*Id*.]. Plaintiff alleges that he appealed Defendant's determination, and therefore, fully exhausted his administrative remedies prior to filing suit [*Id*.]. Plaintiff requests that the Court declare, pursuant to 29 U.S.C. § 1132(a)(1)(B), that he is entitled to disability retirement benefits beginning May 17, 2016, and award attorney's fees and costs pursuant to 29 U.S.C. § 1142(g) [*Id*. at 3–4].

Plaintiff has now moved to amend his Complaint to assert an additional cause of action for breach of fiduciary duty pursuant to 29 U.S.C. § 1104 [Doc. 49]. The Court observes that Plaintiff attached his proposed Amended Complaint as an exhibit to his motion in accordance with Local Rule 15.1 [Doc. 49-2]. Defendant has objected to Plaintiff's motion [Doc. 51].

According to the proposed Amended Complaint, Plaintiff became disabled in May 2016 [Doc. 49-2 pp. 1–2]. In July 2016, Plaintiff called Defendant asking for a pension application [*Id*. at 2]. Plaintiff alleges that Defendant's representative told him that he could not apply until he received a notice of award from the SSA [*Id*.].

Later in January 2017, Defendant adopted an amendment that reduced the monthly amount that participants awarded a disability would receive [Doc. 48-2 p. 118]. This amendment—known as Amendment 4—reduced disability pensions for pensions that have an annuity starting date on or after October 1, 2017 [*Id*.]. Defendant mailed Plaintiff a notice about Amendment 4 on April 28, 2017, which noted that August 14, 2017, was the last day to apply for pre-Amendment 4 benefits [Doc. 48-3 pp. 107–20; Doc. 48-4 p. 18].

In December 2018, Plaintiff applied for a disability pension from Defendant [Doc. 49-2 p. 4]. When he applied, he provided the notice of award from the SSA dated December 11, 2018 [Doc. 48-4 p. 68], and he requested a 2016 annuity starting date, which Defendant denied [*Id.*].

2

Following this denial, Plaintiff wrote a letter to Defendant, stamped January 14, 2019, stating that in July and August 2016, he called Defendant because he had questions about his application [Doc. 48-4 p. 86]. Plaintiff wrote that a representative told him that he had to wait to send his application until the SSA awarded him benefits [*Id.*]. Plaintiff argued that Amendment 4 should not apply to him because he was disabled in 2016, and Defendant's decision was unfair because he had no control over the SSA [*Id.* at 87–88].

Subsequently, in a letter dated February 6, 2019, Plaintiff's attorney wrote that after Plaintiff received Defendant's letter dated August 10, 2016, Plaintiff spoke to Defendant's representative, who had advised him to send his disability pension application when he received his notice of award from the SSA [*Id.* at 91]. Plaintiff's attorney described Defendant's representative's statement as a "misrepresentation" [*Id.*]. On March 28, 2019, Defendant denied Plaintiff's appeal, stating that it had no record of Plaintiff's August telephone call [*Id.* at 3].[1]

Plaintiff's proposed amendment (i.e., breach of fiduciary duty claim) arises from Defendant's adoption of Amendment 4 and Defendant's alleged misrepresentation that Plaintiff had to wait to seek his disability pension until he was awarded social security benefits [Doc. 49-2 pp. 8–10]. He requests leave to plead an alternative cause of action for breach of fiduciary duty pursuant to 29 U.S.C. § 1104 [Doc. 49 p. 1].[2]

---

[1]  Defendant's letter states that the "Fund Office listened to the July 27, 2016 phone call in which [Plaintiff] requested a Pension Application. [Plaintiff] was not advised that he could not send his Pension Application; instead, [Plaintiff] was correctly advised that the Fund Office could not determine his Annuity Starting Date without his Social Security Disability Notice of Award" [Doc. 48-4 p. 3].

[2]  Defendant argues that Plaintiff's amendment adds two claims: an ERISA misrepresentation claim and a claim regarding Defendant's adoption of Amendment 4 [Doc. 51 p. 10 (citing Doc.

3

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15, courts should "freely give leave where justice so requires." Fed. R. Civ. P. 15(a)(2). The decision as to whether justice requires the amendment is committed to the district court's discretion. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). Despite the liberality of Rule 15(a)(2), a court may deny a motion to amend if the court finds undue delay, bad faith, or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendment. *Scheib v. Boderk*, No. 3:07-CV-446, 2011 WL 208341, at *2 (E.D. Tenn. Jan. 21, 2011) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[D]elay alone does not justify denial of leave to amend." *Id.* (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). A delay in filing a motion to amend, however, can become undue or prejudicial at some point. *Id.* (citing *Morse*, 290 F.3d at 800). For instance, "[t]he longer the period of unexplained delay, the less will be required of the nonmoving party in terms of showing of prejudice." *Id.* (quoting *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)). As explained in *Phelps*:

> In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

---

49-2 pp. 4, 7, 8, 9–10)]. Either way, the Court finds that Plaintiff has not established due diligence in pursuing his claim or claims and that Defendant has established it will be prejudiced by allowing amendment.

4

30 F.3d at 662–63.[3]

## III. ANALYSIS

In support of his request to amend, Plaintiff states that he recently became aware of a case, *Smarra v. Boilermaker-Blacksmith Nat'l Penson Trust*, where the court declined to analyze the plaintiff's claim for benefits because the court entered judgment for the plaintiff on his breach of fiduciary claim [Doc. 49 p. 1 (citing ---F. Supp. 3d---, 2022 WL 377432, at *10 n.9 (W.D. Pa. Feb. 8, 2022)]. Plaintiff states that the facts in *Smarra* are similar to the facts alleged in his Complaint, and he seeks to amend his Complaint to assert an "alternate theory of recovery under ERISA" given *Smarra* [*Id*. at 2]. According to Plaintiff, he has not previously requested to amend his Complaint and his request is not made with the intent to delay or frustrate the judicial process.

Defendant responds that Plaintiff failed to adequately explain why it took him so long to raise his fiduciary duty claims. Defendant argues that Plaintiff knew about Amendment 4 as early as 2018 and the legal bases for his claims have been asserted for decades. Defendant denies that *Smarra* justifies Plaintiff's request. In addition, Defendant asserts it will be prejudiced by allowing this amendment because parties generally conduct discovery when a plaintiff alleges a breach of fiduciary duty claim.

---

[3] Defendant states, "While the Scheduling Order has no deadline to amend the pleadings, [Plaintiff's] motion implicates Rule 16 because he has asked the Court to continue the deadlines established in the Scheduling Order" [Doc. 51 p. 6 (citing Doc. 50)]. Plaintiff's motion, however, seeks an extension to file only his "substantive brief" in the event the Court denies his request to amend [Doc. 49 p. 2]. Chief District Judge Travis McDonough has already extended the time for filing dispositive briefs, and therefore, the Court does not need to consider whether Plaintiff's motion should be denied under Rule 16 [Doc. 50].

Plaintiff did not file a reply to counter any of Defendant's arguments. "[W]hen a party fails to respond to an argument, that argument is generally deemed to be unopposed and the proposition conceded." *AK v. Behav. Health Sys., Inc.*, 382 F. Supp. 3d 772, 774 (M.D. Tenn. 2019). Even so, the Court has reviewed the parties' filings and finds that Plaintiff has not established due diligence in pursuing amendment and Defendant has established that it will be prejudiced by allowing this amendment.

Plaintiff has failed to adequately explain why he is only now asserting his breach of fiduciary claim. The record in this case shows that Plaintiff knew of the factual basis for his claim in 2018, or at the latest, in 2019 when Defendant denied Plaintiff's appeal. During Plaintiff's administrative appeal, he argued that Amendment 4 should not apply to him because he became disabled before the changes became effective [*see* Doc. 48-4 pp. 86–87], and he contended that Defendant's representative made a misrepresentation [*id*. at 86]. *See Com. Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009) (finding that the district court did not abuse its discretion in denying a motion to amend because plaintiff "could not adequately explain its delay in bringing the claims—indeed, the factual basis for the new claims existed at the beginning of the lawsuit—and because the addition of new tort claims would have resulted in prejudice to defendants at such a late stage in the litigation").

Yet, Plaintiff requests to amend "in light of the *Smarra* case and evolving ERISA common law" [Doc. 49 p. 1]. *Smarra*, is a February 8, 2022 decision from the Western District of Pennsylvania, which Plaintiff states is similar to this case. In *Smarra*, the plaintiff filed a claim for benefits and a breach of fiduciary claim. *Smarra*, 2022 WL 377432, at *1. The evidence showed that the defendant's representative indicated that the plaintiff could not apply for disability retirement until he received a notice of award from the SSA and that the representative failed to

6

tell the plaintiff that Amendment 4 would substantially reduce his benefits. *Id*. at *3. The court found that the defendant breached its fiduciary duties to the plaintiff by the misrepresentation and omission. *Id*. at *9. The court explained that "an ERISA 'fiduciary may not, in the performance of [its] duties, materially mislead those to whom the duties of loyalty and prudence are owed.'" *Id*. at *5 (quoting *Adams v. Freedom Forge Corp.,* 204 F.3d 475, 492 (3d Cir. 2000)). The court found that the plaintiff established the elements of a breach of fiduciary duty claim, and therefore, declined to address his claim for benefits. *Id*. at *10 n.9.

While it appears that the facts in *Smarra* may be similar to the allegations here, Plaintiff has not explained why he did not raise a breach of fiduciary duty claim in the initial Complaint nor why he delayed in moving for leave to amend his Complaint when he was aware of the factual basis underlying the proposed amendment. Indeed, it appears that a breach of fiduciary duty claim in an ERISA case was not unknown when Plaintiff filed his Complaint. *See Del Rio v. Toledo Edison Co.*, 130 F. App'x 746, 751 (6th Cir. 2005) (explaining elements for breach of fiduciary duty under ERISA based upon a material misrepresentation); *Krohn v. Huron Mem'l Hosp.*, 173 F.3d 542, 547 (6th Cir. 1999) ("We have also held that '[m]isleading communications to plan participants regarding plan administration (for example, eligibility under a plan, the extent of benefits under a plan) will support a claim for breach of fiduciary duty.'" (citations and quotation marks omitted)); *see also Duval Ranching Co v. Glickman*, 965 F. Supp. 1427, 1446 n.14 (D. Nev. Mar. 14, 1997) ("Nonetheless, the expected procedure is to *first*

7

research the law and *then* file a complaint, not the reverse.").[4] Plaintiff has also not asserted that *Smarra* changed the law to support his amendment.

Defendant asserts that it will be prejudiced should the Court allow Plaintiff's amendment. The deadline for discovery was March 14, 2022, and Plaintiff filed the motion to amend on May 4, 2022. Defendant argues that allowing a new legal theory after the discovery deadline expires constitutes prejudice. The Court agrees. *See Knight Cap. Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 786 (6th Cir. 2019) ("KCP sought to add, as the district court noted, a brand-new claim from a different jurisdiction resting on a distinct legal theory. It also asked to do so on the day before discovery closed, thus raising an inference of prejudice against its opponent."); *see also Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (collecting cases from this circuit and others that have found that "allowing amendment after the close of discovery creates significant prejudice").

But even more, Defendant asserts that ERISA fiduciary duty claims under § 1132(a)(3) are much different than claims for benefits under § 1132(a)(1)(B). For instance, Defendant argues that one element of a breach of fiduciary duty claim is whether a plaintiff detrimentally relied on the misrepresentation. Defendant states that it would need to take discovery to probe this element. In addition, Defendant states that the parties would need to conduct discovery on what it exactly communicated to Plaintiff and the propriety of adopting Amendment 4.

---

[4] Defendant asserts that Amendment 4 has been the subject of several cases [Doc. 51 p. 11 (citing *Rust v. Bd. of Trustees of Boilermaker-Blacksmith Nat'l Pension Tr.*, No. 1:20-CV-195-SNLJ, 2021 WL 463517, at *1 (E.D. Mo. Feb. 9, 2021); *Ruessler v. Boilermakers-Blacksmiths Nat'l Pension Tr. Bd. of Trustees*, No. 1:20-CV-00128-SNLJ, 2020 WL 5909772, at *1 (E.D. Mo. Oct. 6, 2020); *Yahawi v. Boilermaker-Blacksmith Nat'l Pension Tr.*, No. CV 19-1952, 2020 WL 4365602, at *2 (E.D. Pa. July 30, 2020))]. The Court notes, however, that the plaintiffs in these cases did not assert a claim for breach of fiduciary duty.

8

The Court agrees that the scope of discovery for breach of fiduciary duty claims is different from the scope of discovery for a claim for benefits. *See Milby v. Liberty Life Assurance Co. of Bos.*, No. 3:13-CV-487-CRS, 2016 WL 4599919, at *5 (W.D. Ky. Sept. 2, 2016) ("The Court finds that where a claim arises from ERISA § 1132(a)(3), discovery 'reverts into the traditional realm and is governed under traditional federal, circuit, and local procedure.'" (quoting *Jensen v. Solvay Chemicals, Inc.*, 520 F. Supp. 2d 1349, 1356 (D. Wyo. 2007))). As the court explained in *Youngblood v. Prudential Insurance Co.*,

> Whereas [the defendant] need only submit a merits brief defending its decision to deny disability benefits under the scheduling order as it now stands in this ERISA case, allowing the modification of that order for purposes of entertaining plaintiff's motion to amend would potentially place [the defendant] in position to defend claims subject to full blown discovery . . . Allowing the desired amendment would thus create significant prejudice to [the defendant].

706 F. Supp. 2d 831, 835 (M.D. Tenn. 2010).

Plaintiff has not filed a reply explaining why Defendant will not sustain undue prejudice in this case. Accordingly, the Court finds Plaintiff's proposed amendment will be unduly prejudicial to Defendant given that Plaintiff has not disputed this issue and the discovery deadline has expired. *Knight Cap. Partners*, 930 F.3d at 786 ("Had KCP explained its tardiness, it may have shown that the timing of the motion—by itself—was not sufficient to deny the motion outright[,]" but "KCP did not provide such an explanation, either to the district court or to this Court.").

## IV. CONCLUSION

After considering the filings in this matter, and for the reasons explained above, the Court **DENIES** Plaintiff's Motion to Amend [**Doc. 49**].[5]

ENTER:

*Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[5] Plaintiff states, "Alternatively, if the Court finds that amending the Complaint is not proper, [he] respectfully requests 30 days from the entry of the Court's order denying amendment to submit his substantive brief" [Doc. 49 p. 2]. On May 10, 2022, Chief District Judge Travis McDonough continued all unexpired deadlines until the resolution of the motion to amend [Doc. 50]. Thus, the Court does not need to rule on Plaintiff's alternative request.

10