UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHAEL E. RAMSEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:21-CV-410-TRM-JEM |
| BOILERMAKER-BLACKSMITH NATIONAL PENSION TRUST, | ) ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Application to Proceed In Forma Pauperis [Doc. 61], wherein he seeks leave to file an appeal without the payment of fees. For the reasons stated below, the Court **RECOMMENDS** that the Chief District Judge **DENY** Plaintiff's Application [**Doc. 61**].

**I. BACKGROUND**

Plaintiff, originally represented by Attorney Melissa Louzri, filed this dispute over benefits governed by the Employee Retirement Income Security Act ("ERISA"). He filed his Complaint on March 18, 2021, and paid the $402 filing fee [Doc. 1]. On September 26, 2022, Defendant filed a motion for judgment as a matter of law, which the Chief District Judge granted on December 1, 2022 [Docs. 57 and 59]. On December 29, 2022, Plaintiff, now proceeding pro se, filed a Notice of Appeal [Doc. 60] and the Application [Doc. 61].

Plaintiff's Notice of Appeal states that he is appealing the denial "on the administrative

1

record" [Doc. 60]. In addition to explaining his financial information, Plaintiff's Application states:

> I believe that there was a clear error of judgment because this is a[n] ERISA governed plan. By the federal common law of rights and obligations under ERISA regulated plans. Cite Cannddy v. Boilermaker Pension Trust. I [i]ntend to show the evidence that my Attorney did not show. . . My lawyer did not help me like a comp[e]tent lawyer should have.

[Doc. 61 p. 1].

## II.   ANALYSIS

Plaintiff's request to proceed in forma pauperis on appeal is governed by Federal Rule of Appellate Procedure 24(a)(1), which states that a party who seeks to appeal in forma pauperis must file a motion in the district court and attach an affidavit that:

(A) shows in detail prescribed by Form 4 of Appendix of Forms the party's inability to pay or to give security for fees and costs;

(B) claims an entitlement to redress; and

(C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1)(A)–(C). In addition, an appeal may not be taken in forma pauperis "if the trial court certifies in writing that the appeal is not taken in good faith." 28 U.S.C. § 1915(a)(3). "The decision to grant or deny an application to proceed in forma pauperis lies within the sound discretion of the district court." *Flippin v. Cobuyn*, 107 F. App'x 520, 521 (6th Cir. 2004) (citation omitted). If the district court denies a motion to proceed in forma pauperis on appeal, the party may file, within thirty (30) days after service of the district court's decision as prescribed by Fed. R. App. P. 24(a)(4), a motion with the Court of Appeals for leave to proceed as a pauper on appeal. Fed. R. App. P. 24(a)(5). The party's motion must include a copy of the affidavit filed in the

2

district court in addition to the district court's statement of its reasons for denying pauper status on appeal. Fed. R. App. P. 24(a)(5).

The Court finds that Plaintiff has established that he is unable to pay the filing fee for an appeal. An affidavit to proceed in forma pauperis is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). Plaintiff's financial affidavit establishes that he has no income and few assets. Considering the Plaintiff's Application, it appears to the Court that his economic status is such that he cannot afford to pay the costs of an appeal and still pay for the necessities of life. In addition, in light of his pro se status, the Court will liberally construe his statement that "there was a clear error of judgment" as claiming an entitlement to redress. Fed. R. App. P. 24(a)(1)(B).

But the Court finds that Plaintiff has not identified the issues he seeks to appeal as required by Rule 24(a)(1)(C). "Rule 24(a)(1) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915(a)(1) require an affidavit by the plaintiff identifying the issues the party intends to present on appeal which support his belief that he is a person entitled to redress." *Nesselrode v. U.S. Sec'y of Educ. Agency*, No. 2:16-CV-918, 2017 WL 7520599, at *1 (S.D. Ohio Nov. 20, 2017) (citation omitted). "This requirement is designed to assist courts in the process of determining whether an appeal is taken in good faith." *Powell v. Alcoa High Sch.*, No. 3:10-cv-212, 2010 WL 3087387, at *2 (E.D. Tenn. Aug. 5, 2010); *see also Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999) ("[T]he district court must ascertain both the individual's pauper status and the merits of the appeal.")

The appellant has the burden to show that his appeal is taken in good faith, meaning "that

3

the appeal presents a substantial question that is not frivolous." *Powell*, 2010 WL 3087387, at *2. An issue is frivolous if "it lacks an arguable basis either in fact or in law." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Given that Plaintiff has not identified the issues that he intends to appeal, the Court is unable to determine whether his appeal is taken in good faith. *See United States v. Ramey*, 559 F. Supp. 60, 67 (E.D. Tenn. 1981) ("[O]mission from the affidavit of a statement of the issues which the defendant-appellant intends to present on appeal appears to be fatal to his motion; otherwise, there is no way for this Court to exercise its judicial discretion to determine the meritorious character of the appeal in which the defendant-appellant asks relief"); *Rivera De Jesus v. DLJ Properties, LLC*, No. 3:21-CV-51, 2022 WL 17097737, at *1 (E.D. Tenn. Nov. 21, 2022) (denying the plaintiffs' motions to proceed in forma pauperis on appeal because they failed to state the issues they intended to present on appeal); *Parker v. Comm'r of Soc. Sec.*, No. 121CV00134PLMPJG, 2022 WL 2400924, at *1 (W.D. Mich. Feb. 11, 2022) (finding that the failure to identify a meritorious ground for appeal "standing alone[] is sufficient to deny" the motion); *Nesselrode*, 2017 WL 7520599, at *1 (denying motion to proceed in forma pauperis on appeal because the plaintiff failed to identify the specific issues he wanted to appeal); *Powell*, 2010 WL 3087387, at *2 (denying pro se plaintiff's motion to proceed in forma pauperis on appeal because she did not identify why she was "entitled to redress, including the identification of any law, fact or specific finding by the [c]ourt which might provide a basis for an appeal").

### III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS**[1] that the Chief District Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within

**DENY** Plaintiff's Application to Proceed In Forma Pauperis [**Doc. 61**]. Should the Chief District Judge adopt the undersigned's Report and Recommendation, the Court advises Plaintiff of Rule 24, which allows him to file a motion to proceed on appeal in forma pauperis in the Sixth Circuit Court of Appeals within thirty (30) days of the Chief's District Judge's order. *See* Fed. R. App. P. 24(a)(5). Should Plaintiff not file a motion within thirty (30) days of receiving the Chief District Judge's decision, or fails to pay the filing fee, the appeal will be dismissed for want of prosecution. *INA Grp., LLC v. Patel*, No. 1:18CV733, 2019 WL 13197948, at *1 (S.D. Ohio Nov. 27, 2019) (citing *Callihan*, 178 F.3d at 804).

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).